IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA HALL, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0490-WS-C |
| | ) |
| **AUTOMOTIVE COMPUTER** | ) |
| **SERVICES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

This matter is before the Court on the plaintiffs' motion to facilitate notice. (Doc. 21). The defendant has filed a response and the plaintiffs a reply, (Docs. 23, 26), and the motion is ripe for resolution.

The defendant has no overarching objection to the sending of notice, either generally or in the form requested. The Court addresses the defendant's three targeted objections in turn.

The defendant first suggests the notice is confusing because it is addressed to "current and former employees" in certain positions rather than to simply "employees" in those positions. (Doc. 23 at 5). The Court can find nothing confusing and in need of clarification. The notice is in fact directed to former employees as well as current employees, and the plaintiff's proposed language makes this clear. Eliminating the adjectives would actually introduce ambiguity by potentially suggesting that only current employees are covered.

The defendant next objects to the mention of "Level I Technicians," since only Level II Technicians, not Level I Technicians, are invited to opt in. (Doc. 23 at 3-4). But the plaintiff's proposed notice makes precisely this point, mentioning Level I Technicians only to clarify that "this lawsuit does not include any time you may have worked as Level

[1]

I Technicians."  Again, there is no ambiguity in need of elimination, and the defendant's proposed fix risks introducing just such ambiguity.

Finally, the defendant proposes that the opening date be pegged at December 16, 2007 rather than the November 18, 2007 date utilized by the plaintiffs.  (Doc. 23 at 2, 3).  The defendant does not explain the significance of this date, but the plaintiffs note that it is three years before they filed their amended complaint, adding collective action allegations, after being granted leave to do so.  The plaintiffs argue that the appropriate date is three years before they filed their motion for leave to amend, which was November 18, 2010.  (Doc. 26 at 2-5).  They cite a number of cases in support of this proposition, but it is unnecessary for the Court to make a definitive ruling at this juncture.  The Court approves use of the November 18 date, without prejudice to the defendant's later ability to demonstrate that persons holding the relevant positions between November 18 and December 15, 2007 but not thereafter (if any such persons opt in) are not properly included.

For the reasons set forth above, the plaintiffs' motion to facilitate notice is **granted**.  The proposed form of notice and proposed consent to join form are **approved**.  The defendant is **ordered** to provide to plaintiffs' counsel, within 14 calendar days of the date of this order, the names and addresses of all persons falling within the conditionally certified class.[1]

DONE and ORDERED this 3rd day of March, 2011.

                                    s/ WILLIAM H. STEELE
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs seek as well the social security numbers of potential class members.  They have not explained why such information is needed or even appropriate, and the Court will not require its production.  *See, e.g., Lightsey v. Potter*, 2006 WL 2938715 at *3 (N.D. Ga. 2006) (social security numbers need not be provided in discovery  absent a good explanation of their relevance and how such relevance outweighs the privacy interests of the affected persons).